```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ST. VINCENT'S HOSPITAL
OF STATEN ISLAND,                                              MEMORANDUM
                                                               AND ORDER
                Plaintiff,
                                                               CV 07-0967 (ILG) (JO)
        - against -

ANTOINETTE TAYLOR,

                Defendant.
----------------------------------------------------------X
----------------------------------------------------------X
ANTOINETTE TAYLOR,

                Third-Party Plaintiff,

        - against -

UNITED TEAMSTER FUND, et al.,

                Third-Party Defendants.
----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff St. Vincent's Hospital of Staten Island (the "Hospital") seeks to have this action remanded to the state court in which it was originally filed, and from which it was removed to this court by third-party defendant United Teamster Fund ("UTF"). Docket Entry ("DE") 5. UTF and its third-party co-defendant, the 1199 SEIU Benefit & Pension Funds ("SEIU") contend that the case was properly removed and should be resolved in this court. DE 6 (UTF); DE 7 (SEIU). For the reasons set forth below, I conclude that this court lacks jurisdiction and I therefore respectfully direct the Clerk to remand the action, subject to a stay that will permit the parties to seek review by the assigned district judge.

I.  Background

On May 17, 2004, the Hospital filed a claim against defendant Antoinette Taylor ("Taylor") in the Civil Court of the City of New York, County of Richmond, seeking reimbursement for Taylor's alleged failure to pay medical expenses incurred during the birth of her child. Over two years later, Taylor filed a third-party complaint against UTF and SEIU, alleging that they improperly failed to pay the insurance claims for the medical bills at issue in the Hospital's complaint. *See* Docket Entry ("DE") 1 (including, among other documents, UTF's Notice of Removal ("Initial Notice") and Taylor's Third-Party Summons with Endorsed Complaint ("Third-Party Complaint")). On March 6, 2007, UTF unilaterally removed this case to federal court, asserting that Taylor's claim for unpaid insurance benefits falls within the scope of the civil enforcement provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1332(a)(1)(B), and is therefore preempted by federal law. Initial Notice at 2; *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). Upon examination of the Initial Notice, I directed the parties to submit briefs on the propriety of the removal. DE 4. In particular, I requested the parties to address the issue of whether a third-party defendant such as UTF may properly remove a case to federal court under 28 U.S.C. § 1441(a), and if so, whether such removal requires the consent of third-party co-defendant SEIU. *See* DE 4 at 2-3.

On March 27, 2007, UTF filed a letter-brief asserting the propriety of its removal, and at the same time submitted a proposed amended notice of removal (the "Amended Notice") that included an assertion that third party co-defendant SEIU consented to the removal. DE 5. In its submission, UTF acknowledged that third-party defendants are generally not permitted to remove cases to federal court under 28 U.S.C. § 1441(a) (which permits removal only "by the defendant

2

or defendants"), but it argued that removal in this case is nevertheless permitted under 28 U.S.C. § 1441(c), which it invoked in the Amended Notice. *See id.* SEIU likewise filed a letter-brief in favor of removal, arguing that both the Initial Notice and the Amended Notice were timely filed and that federal court is the appropriate forum for the instant litigation. DE 7.

The Hospital filed its own letter-brief the same day, making arguments against the propriety of removal that I deem to be a motion for remand. DE 6. It argued that remand is appropriate because third-party defendants may not remove a case to federal court under 28 U.S.C. § 1441(a), that the Initial Notice was untimely filed, that UTF has waived its right to argue for removal under 28 U.S.C. § 1441(c), and that removal under Section 1441(c) is in any case impermissible. *Id.* Defendant and third-party plaintiff Taylor has not appeared in this action through counsel or otherwise, and therefore has offered no input on the instant issue.

II. Discussion

A party asserting jurisdiction bears the burden of proving that a case is properly in federal court, *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). A removing party therefore bears the burden of demonstrating both the existence of subject-matter jurisdiction and compliance with the relevant procedural requirements. Moreover, just as a court lacks the authority to excuse a jurisdictional defect, there is nothing in the removal statute to suggest that a court has the discretion to overlook or excuse a failure to meet the removal statute's requirements. *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (citing cases). As discussed below, while I disagree with the Hospital's objections relating to timeliness and to consent, I do agree that in the circumstances of this case, the removal by a third-party defendant is improper.

3

A.  Timeliness

To be timely, a notice of removal must be filed "within thirty days after the receipt by the defendant ... of a copy of the initial pleading ... or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant."  28 U.S.C. § 1446(b).

The Hospital argues that remand is proper because "UTF has failed to state when it first received a copy of [Taylor's] third-party complaint or to even aver that [the] notice of removal was filed within thirty days of receipt thereof."  DE 6 at 3.  Taylor's Third-Party Complaint was filed in state court on October 17, 2006, and neither the Initial Notice nor the Amended Notice specifies when UTF received it, thus giving rise to the possibility that the Initial Notice filed on March 6, 2007, was untimely filed.  SEIU's letter-brief, however, asserts that "the Third-Party Defendants were served with the [Third-Party Complaint] ... on or about February 28, 2007," DE 7 at 1, which would mean both the Initial Notice and Amended Notice were timely filed in conformance with Section 1446(b).

UTF's failure to comply with its obligation to include a clear statement that removal is timely might normally warrant remand.  *See, e.g.*, *Cassara v. Ralston*, 832 F. Supp. 752, 754 (S.D.N.Y. 1993).  SEIU's letter-brief, however, corrects this procedural error by specifying when the Third-Party defendants received the Third-Party Complaint.  DE 7.  In the absence of any information that contradicts SEIU's account, UTF's failure to specify when it received the Third-Party Complaint is "one of form" rather than one of substance, and therefore does not require a remand.  *See id.* at 754 (quoting *CBS Inc. v. Snyder*, 762 F. Supp. 71, 74 (S.D.N.Y. 1991)) ("*Pro forma* defects cannot suffice to deprive a party of a plain entitlement to a federal forum.").

4

B. Consent

Although 28 U.S.C. § 1446 does not explicitly require that all defendants must consent to a removal, courts have consistently inferred that the statute does in fact require such consent. *See*, *e.g.*, *Bill Wolf Petroleum Corp. v. Vill. of Port Washington North*, 489 F. Supp.2d 203, 207 (E.D.N.Y. 2007); *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp.2d 367, 383 (S.D.N.Y. 2006); *Owczarek v. The Austin Co.*, 2004 WL 625273, at *1 (W.D.N.Y. Feb. 11, 2004). This "rule of unanimity" applies to cases removed pursuant to diversity jurisdiction or – as in this case – pursuant to federal question jurisdiction. *Borden v. Blue Cross and Blue Shield of Western N.Y.*, 418 F. Supp.2d 266, 270 (W.D.N.Y. 2006) (citing *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp.2d 188, 193 (S.D.N.Y. 1999)). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." *Codapro Corp.* 997 F. Supp. at 325 (quoting *Michaels v. State of New Jersey*, 955 F. Supp. 315 (D.N.J. 1996)).

The Hospital argues that UTF's Initial Notice is defective and requires a remand because it does not allege that SEIU consents to the removal. DE 6 at 2-3. If it were in fact the case that SEIU did not consent, remand would be required. However, UTF's Amended Notice explicitly alleges such consent, and SEIU's submission confirms it. There is accordingly no need to remand on the basis of a lack of consent to removal among the third-party defendants.

C. Third-Party Removal

The ability of third-party defendants to remove a case from state to federal has not been squarely addressed by the Second Circuit. *See, e.g., Fed. Ins. Co. v. Tyco Int'l*, 422 F. Supp.2d 357, 373 (S.D.N.Y. 2006); *Patient Care, Inc.*, 755 F. Supp. at 646 ("More than thirty years ago a

5

federal judge faced with the question of whether a third-party defendant could remove an action to federal court described the case law as a 'field luxuriat[ing] in a riotous uncertainty.'") (quoting *Harper v. Sonnabend*, 182 F. Supp. 594, 595 (S.D.N.Y. 1960)). Although a majority of courts have concluded that third-party defendants are not permitted to remove to federal court under 28 U.S.C. 1441(a) – which allows "[the] defendant or the defendants" to remove federal question cases – a minority of courts have held that removal by third-party defendants is appropriate under 28 U.S.C. § 1441(c). *See Fed. Ins. Co.*, 422 F. Supp.2d at 372; *Hackensack Univ. Med. Ctr. v. Lagno*, 2006 WL 3246582, at *2 (D.N.J. Nov. 3, 2006).

The minority view is based on a reading of the Section 1441 that interprets subsection (a) as creating a right of removal only for a certain class of *parties* – which most courts believe does not include third-party defendants – and that goes on to interpret subsection (c) as creating a right of removal for a certain class of *claims*. The latter subsection provides:

> Whenever a *separate and independent claim or cause of action* within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (emphasis added).

The minority of courts that allow removal by third-party defendants thus reason that the language of subsection (c) expands the universe of removable actions rather than merely clarifying that, in circumstances where some claims in a case are properly removable but others (viewed in isolation) are not, the entire case may be removed. Such courts therefore necessarily require that the claims in the third-party complaint be "separate and independent" from the plaintiff's original claim. *See, e.g.*, *Hackensack Univ. Med. Ctr.*, 2006 WL 3246582, at *2; *Hosp.*

*Of Univ. Of Pennsylvania v. Bryant*, 2002 WL 257852, at *2 (E.D. Pa. Feb. 22, 2002); *Galen-Med, Inc. v. Owens*, 41 F. Supp.2d 611, 615 (W.D. Va. 1999); *Patient Care, Inc.*, 755 F. Supp. at 645. As explained below, UTF cannot satisfy that requirement and therefore cannot remove this case even assuming that subsection (c) does create a mechanism for removal by a third-party defendant.

The Supreme Court has interpreted the statute's "separate and independent" requirement as follows: "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951). In the context of ERISA claims, courts have held that "a beneficiary's third-party ERISA claim against an insurer to indemnify against a possible judgment in a suit to recover medical expenses from the beneficiary is not 'separate and independent' from the main cause of action" and therefore is not proper for removal. *Hackensack Univ. Med. Ctr.*, 2006 WL 3246582, at *2; *Hosp. Of Univ. Of Pa.*, 2002 WL 257852, at *2; *Patient Care, Inc.*, 755 F. Supp. at 650 (citing cases).

Accordingly, removal in this case is proper only if defendant Taylor's third-party claims against UTF and SEIU do *not* arise from the same "interlocked series of transactions" or alleged wrongs as those at issue in the Hospital's claims against her. UTF cannot satisfy that requirement. Taylor's claims seek indemnification from UTF and SEIU for a debt to the Hospital that will never exist if the Hospital does not prevail on its claims. The causes of action in her third-party complaint are therefore not "separate and independent" from the Hospital's original claim for unpaid hospital bills, and therefore is not removable under Section 1441(c). Because the claim is not removable even under the interpretation of Section 1441(c) that UTF supports, I

7

need not determine whether that provision does indeed permit removal by a third-party defendant, nor need I determine whether, if so, UTF is in any event estopped from invoking that authority. Even if those issues were decided in UTF's favor, the case would still have to be remanded.

      C.     <u>Remand And Review Procedures</u>

Assuming that this case must be remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the third-party defendants to lodge any objections they may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may

"reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See*, *e.g.*, *Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

Third-party defendants UTF and SEIU will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand for a period of time sufficient for UTF and SEIU to file any objections they may have. Under the pertinent rules, a stay until August 28, 2007, will accomplish that purpose. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6 (computation of time). Should the third-party defendants actually pursue such relief, they may of course apply to me or to the district judge for a further stay pending resolution of their objections.

III.  Conclusion

For the reasons set forth above, I respectfully direct the Clerk to remand this case to the Civil Court of the City of New York, County of Richmond. In order to afford the third-party defendants sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until August 28, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
August 10, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge